UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0195 (M/F) |
| | ) | |
| JEFFREY S. PHILBECK, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on August 17, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 8, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held August 30, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Philbeck appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Nick Surmacz, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Philbeck in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Philbeck and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Philbeck was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Philbeck was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Philbeck was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Philbeck had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

7. Mr. Donahoe stated that Mr. Philbeck would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release numbered 2 and 3, paragraph 3, set forth in the Petition. The government moved to dismiss violations of supervised release numbered 1 and 3,

paragraphs 1 and 2, and the same is granted. Mr. Philbeck orally waived the preliminary hearing, which was accepted by the Court.

8. Mr. Philbeck, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 2 | **"The defendant shall not leave the judicial district without permission of the court or probation officer."**<br><br>On June 3, 2011, a home visit was conducted and the probation officer noticed a set of car keys on the front porch of his house which had a photo key chain attached. The photo was of the offender and his girlfriend at Kings Island in Ohio ad had 2011 stamped on the photo. The offender did not have permission to travel to Ohio and admitted he went there with his sister and girlfriend in April 2011.<br><br>On June 7, 2011, the probation officer authorized the defendant to travel to visit his mother in Raveena, Kentucky, fro June 12-14, 2011. On June 27, 2011, a search was conducted of his residence and documents were found which indicated on June 14 and 23, 2011, he traveled to Mount Vernon, Illinois. Documents and titles reveal he purchased two vehicles while in Mount Vernon, on June 14, 2011. The offender did not have permission to travel to Illinois and admitted he went there with his girlfriend. |
| 3 | **"The defendant shall not associate with any person engaged in criminal activity or a person convicted of a felony."**<br><br>On October 24, 2009, the offender and Adam Gossett responded to an alarm call at the Tally Ho bar in Richmond. Adam Gossett's phone number was also found in the offender's cell phone and they have engaged in some business transactions. Adam Gossett is a convicted drug felon. |

The Court placed Mr. Philbeck under oath and directly inquired of Mr. Philbeck whether she admitted violations of the specifications of his supervised release set forth above. Mr. Philbeck stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Philbeck has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Philbeck constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Philbeck is 5-11 months.

4) The parties agreed on the appropriate disposition of the case as follows:

(a) that modification was the appropriate disposition of the case.

(b) that Mr. Philbeck be placed on electronic monitoring at his residence for six months.

(c) that Mr. Philbeck is subject to the previously-ordered conditions of supervised release imposed at sentencing.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Jeffrey Scott Philbeck, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Philbeck stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Philbeck entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Jeffrey S. Philbeck's supervised release.

IT IS SO RECOMMENDED this 31st day of August, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Nick Surmacz,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal