UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:09-cr-0195 (M/F) |
| | ) |
| JEFFREY S. PHILBECK, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on October 14, 2011, designating a Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 30, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held November 3, 2011 and January 11, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 3, 2011, Mr. Philbeck appeared in person with his retained counsel, Ronald Moore. The government appeared by Gayle Helart, Assistant United States Attorney, for Will

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

McCoskey Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the proceedings.

The defendant, by counsel, requested a continuance of the initial hearing and the revocation hearing. The Court granted same and the hearing was continued until January 11, 2012. The defendant was released on his own recognizance pending the hearing on January 11, 2012.

On January 11, 2012, Mr. Philbeck appeared in person and by his retained counsel, Ronald Moore. The government appeared by Gayle Helart, Assistant United States Attorney, and Nick Surmacz, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.(a)(a)(1), *Federal Rules of Criminal Procedure*, and Title 18, U.S.C. §3583:

1. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Philbeck and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

2. Mr. Philbeck was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

3. Mr. Philbeck was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Mr. Philbeck was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. That if the preliminary hearing resulted in a finding of probable cause that Mr. Philbeck had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation.

6. Mr. Moore stated that Mr. Philbeck would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release numbered 1-4, set forth in the Petition.

7. Mr. Philbeck, by counsel, stipulated that he committed specified violations numbered 2 and 4, but not specified violations numbered 1 and 3 set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The government orally moved to dismiss specified violations numbered 1 and 3, and the Court granted the same. The specifications of violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **2** | **"The defendant shall not associate with any person engaged in criminal activity or a person convicted of a felony."** |
| | On September 18, 2011, the offender was with James Harris in the commission of an alleged burglary. Mr. Harris has felony convictions in Wayne County for possession of cocaine; forgery; and dealing in marijuana. |
| **4** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On August 30, 2011, the defendant submitted a urine specimen which tested positive for opiates. The offender claimed to have a prescription for Lortab from a dentist in Richmond, but could not provide proof of a valid prescription. The probation officer conducted an on-line prescription medication search on the offender and learned he filled a prescription for 15 Oxycodone tabs (a four-day supply), on July 1, 2011. The prescription was prescribed the |

>   same date by Dr. Michael Baldwin, a medical doctor at Reid Memorial Hospital in Richmond.
>
>   On September 26, 2011, the offender submitted a urine specimen and claimed to have a prescription for Vicodin from Reid Hospital in Richmond, but could provide no proof of a valid prescription. The offender claimed to have taken the last Vicodin on September 25, 2011. The probation officer conducted an on-line prescription medication search on the offender and learned the offender has no recent prescriptions for Vicodin.

The Court placed Mr. Philbeck under oath and directly inquired of Mr. Philbeck whether he admitted violations of the specifications of his supervised release set forth above. Mr. Philbeck stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

>   1) Mr. Philbeck has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).
>
>   2) The most serious grade of violation committed by Mr. Philbeck constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).
>
>   3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Philbeck is 8-14 months.
>
>   4) The appropriate disposition of the case would be a sentence of 90 days in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Jeffrey S. Philbeck, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and

Jeffrey S. Philbeck is sentenced to the custody of the Attorney General or his designee for a period of ninety days, with no supervised release to follow.  The defendant is allowed to surrender for service of his sentence upon designation.  Until the time of his surrender to custody, defendant will remain under the same conditions of supervised release previously imposed.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Philbeck stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Philbeck entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Jeffrey S. Philbeck's supervised release.

IT IS SO RECOMMENDED this 12th day of January, 2012.

　

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Nick Surmacz,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,　IN 46204

U. S. Parole and Probation

U. S. Marshal